UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DOUGLAS JAMISON** | **CIVIL ACTION NO. 3:10-cv-1923** |
|     **LA. DOC # 480004** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN JONES, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Douglas Jamison, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 29, 2010. When he filed the complaint plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he was incarcerated at the Riverbend Detention Center (RBDC), Lake Providence, Louisiana. He complained that there was no "Wiccan call out for worship" at that prison. He prayed for injunctive relief – that he be transferred to a prison "where there is a Wiccan callout for worship."

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED** pursuant to the provisions of Rule 41 of the Federal Rules of Civil Procedure and Local Rule 41.3, and as **MOOT**.

### *Statement of the Facts*

Plaintiff filed his *pro se* complaint and application to proceed *in forma pauperis* on December 29, 2010. [Docs. #1 and 2] On January 14, 2011, he was permitted to proceed *in forma pauperis*. [Doc. #4] A copy of the order granting *in forma pauperis* status was mailed to plaintiff at the address he supplied when he filed his complaint; however, that correspondence was returned as

undeliverable with the notation that the addressee was not known and the correspondence could not be forwarded. Plaintiff has not contacted the court since he filed his complaint on December 29, 2010, and he has not advised the court of his present whereabouts, although it appears that he has been transferred to another facility.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Further, Local Rule 41.3 provides in part, "The failure of ... [a] pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." More than 30 days have elapsed since correspondence to plaintiff was returned as undeliverable and plaintiff has yet to apprise the court of his current whereabouts.

It appears that plaintiff has been transferred to another facility. He has requested only prospective injunctive relief in the form of an order directing his transfer and he has named three defendants – all of whom are corrections officials at the RBDC. Thus, plaintiff's complaint is now moot since a claim for injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility. *See, e.g., Herman v. Holiday*, 238 F.3d 660, 665

(5th Cir.2001).

Clearly dismissal with prejudice is called for in this case. As discussed above, plaintiff has ignored a Rule of this court and failed to keep the court apprised of his current whereabouts. Further, he has made no attempt to contact the court since December 2010, a period in excess of four months. Finally, plaintiff's complaint was rendered moot by his transfer.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** in accordance with the provisions of FRCP Rule 41(b), Local Rule 41.3, and, because it is **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, April 26, 2011.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE